UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WESTERN OIL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: |
| ) | |
| GARDA CL SOUTHWEST, INC., JOHN ) | **JURY TRIAL DEMANDED** |
| DOE 1, JOHN DOE 2, and JOHN DOE 3, ) | |
| ) | |
| Defendants. | |

## *PLAINTIFF'S COMPLAINT FOR DAMAGES*

1. This action is brought against Defendants pursuant to the Racketeer Influenced & Corrupt Organization Act, 18 U.S.C. § 1961, *et seq.*, and under Missouri common law.

2. The Court has jurisdiction and is has proper venue over this action under 28 U.S.C. § 1331 and 18 U.S.C. § 1965, as this claim arises pursuant to federal law and Garda CL Southwest, Inc., ("Garda") transacts business within this district.

3. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and decide claims under Missouri law.

4. Western Oil, Inc. ("Plaintiff"), is a corporation which operates, in part, out of offices located at 3473 Rider Trail S, Earth City, MO 63045.

5. John Doe 1, John Doe 2, and John Doe 3 are employees, agents and representatives of Defendant Garda.

6. This cause of action arises from documented shortages of cash funds belonging to Plaintiff from nine ATMs serviced exclusively by Garda that are owned by Plaintiff and are

located in Columbia, MO, and in Kingdom City, MO, starting from July of 2010 continuing through January of 2014.

7. Defendants have engaged in the fraudulent concealment in that the Defendants and their agents, including but not limited to John Does 1-3, engaged in the below-described conduct, had actual knowledge of the below-described shortages and the damages and injuries caused thereby, intended to conceal the existence and amount of the below-mentioned claims, such actions were intentionally fraudulent, and Plaintiff was not at fault or guilty for any lack of diligence in sooner ascertaining the truth of the Defendants wrongful conduct.

**COUNT I – RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT,
18 U.S.C. § 1964**

8. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 – 7 as if fully restated herein.

9. A Racketeering Enterprise existed, whereby:

   a. The Racketeering Enterprise held commonality of purpose, formal or informal organization, and ascertainable structure distinct from that inherent in the conduct of a pattern of racketeering activity;

   b. The Racketeering Enterprise affects or did affect interstate commerce;

   c. The Defendants conspired to act in furtherance of the Racketeering Enterprise; and

   d. The objectives of the Racketeering Enterprise were to embezzle, convert, steal, and defraud funds from Plaintiff by guise of servicing ATMs.

10. Defendants were part of, associated with or employed by the enterprise, and each Defendant participated, directly and indirectly, in the operation or management of the Racketeering Enterprise.

11. Defendants participated in the enterprise through a pattern of illegal conduct and racketeering activity consisting of the knowing or willful commission at least two of the following racketeering acts:

  a. Fraud and related activity in connection with access devices constituting violations of 18 U.S.C. § 1029;

  b. Mail fraud constituting violations of 18 U.S.C. § 1341;

  c. Wire fraud constituting violations of 18 U.S.C. § 1343;

  d. Relating to financial institution fraud constituting violations of 18 U.S.C. § 1344;

  e. Relating to racketeering constituting violations of 18 U.S.C. § 1952;

  f. Relating to the laundering of monetary instruments constituting violations of 18 U.S.C. § 1956;

  g. Relating to engaging in monetary transactions in property derived from specified unlawful activity constituting violations of 18 U.S.C. § 1957;

  h. Relating to interstate transportation of stolen property constituting violations of 18 U.S.C. § 2314; and

  i. Relating to interstate transportation of stolen property constituting violations of 18 U.S.C. § 2315.

12. As a direct and proximate result of the unlawful and purposeful pattern of racketeering activity, the Plaintiff has suffered injury to its business or property, including but not limited to the direct loss of its monetary funds in a sum of at least Seven Hundred Fifty Eight Thousand Dollars ($758,000.00), incidentally, and consequentially, as well as other financial and other losses and expenses including legal fees incurred, travel expenses, and loan interest rates.

13. Defendants' actions were deliberate, purposeful, willful and wanton.

14. Accordingly, the Defendants are liable to Plaintiff under 18 U.S.C. § 1964.

WHEREFORE, Plaintiff respectfully requests that this Court grant Judgment in its favor and against the Defendants, for threefold the amount of its damages as compensatory damages, plus punitive damages, the costs of suit, reasonable attorney's fees, for such relief this Court deems just and proper.

## COUNT II – CIVIL CONSPIRACY

15. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 – 14 as if fully restated herein.

16. Defendants, pursuant to the aforementioned objectives, had a meeting of the minds on the object or course of action.

17. Defendants engaged in overt acts from July of 2010 to date, including:

   a. Stealing funds belonging to Plaintiff on more than one occasion and at more than one location;

   b. Concealing fraudulently the fact of, the amount of and manner of stealing the stolen funds; and

   c. Fraudulently misrepresenting the actual amount of funds in the possession of Plaintiff by fraud, concealment and deception.

18. Plaintiff sustained damages as a result of the conspiracy, including injury to Plaintiff's business or property, including but not limited to loss of its funds directly in the sum of not less than Seven Hundred Fifty Eight Thousand Dollars ($758,000.00), incidentally, and consequentially, legal fees incurred, travel expenses, and loan interest rates.

WHEREFORE, Plaintiff respectfully requests that this Court grant Judgment in its favor and against Defendants, for compensatory damages, punitive damages, costs, for such relief this Court deems just and proper.

## COUNT III – CONVERSION

19. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 – 18 as if fully restated herein.

20. Defendants intentionally engaged in the unauthorized assumption and control of, and the possession and right of ownership or possession of the Plaintiff's funds in the course of servicing, filling, counting and protecting the cash money in the Plaintiff's ATMs, to the exclusion of the rights of Plaintiff and to Plaintiff's damage and injury.

WHEREFORE, Plaintiff respectfully requests that this Court grant Judgment in its favor and against Defendants, for compensatory damages, punitive damages, costs, for such relief this Court deems just and proper.

## COUNT IV – BREACH OF CONTRACT

21. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 – 20 as if fully restated herein.

22. Plaintiff and Garda entered into contractual agreements, whereby Garda agreed, *inter alia*, to service Plaintiff's ATMs.

23. Defendant performed its obligations under the contractual agreements.

24. Plaintiff performed or tendered performance pursuant to the contractual agreements.

25. Garda and its agents, employees and representatives breached the contractual agreements by failing to properly guard, secure, appropriate, account for, transport, and deliver the Plaintiff's funds to Plaintiff.

26. Garda further breached the contractual agreements by failing and refusing to cooperate with Plaintiff and failing and refusing provide any results of an internal investigation as to the shorted money to Plaintiff.

27. Plaintiff sustained damages as a result of the breach, including injury and damage to Plaintiff's business or property, including but not limited to loss of its funds directly in the sum not less than Seven Hundred Fifty Eight Thousand Dollars ($758,000.00), incidentally, and consequentially, legal fees incurred, travel expenses, and loan interest rates.

WHEREFORE, Plaintiff respectfully requests that this Court grant Judgment in its favor and against Defendants, for compensatory damages, attorney's fees, costs, for such relief this Court deems just and proper.

## COUNT V – TORTIOUS INTERFERENCE WITH A BUSINESS EXPECTANCY

28. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 – 27 as if fully restated herein.

29. Plaintiff and Garda entered into agreements and had a business relationship.

30. John Doe 1, John Doe 2, and John Doe 3 had knowledge of the contract and/or relationship between Plaintiff and Garda.

31. John Doe 1, John Doe 2, and John Doe 3 intentionally interfered by inducing or causing a breach of contract or severance of the relationship between Plaintiff and Garda.

32. John Doe 1, John Doe 2, and John Doe 3 lack justification for their conduct.

6

{01143162.DOCX;1}

33. Plaintiff sustained damages as a result of the breach, including injury to Plaintiff's business or property, including but not limited to loss of its funds directly in the sum not less than Seven Hundred Fifty Eight Thousand Dollars ($758,000.00), incidentally, and consequentially, legal fees incurred, travel expenses, and loan interest rates.

WHEREFORE, Plaintiff respectfully requests that this Court grant Judgment in its favor and against Defendants, for compensatory damages, punitive damages, costs, for such relief this Court deems just and proper.

## COUNT VI – BREACH OF FIDUCIARY DUTY

34. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 – 33 as if fully restated herein.

35. A fiduciary relationship existed between Defendants and Plaintiff, whereby Defendants had a duty to, *inter alia*, properly secure, appropriate, account for, transport and deliver Plaintiff's funds to Plaintiff, and not to steal, convert, misappropriate or otherwise assume improper control over Plaintiff's funds.

36. Defendants breached said fiduciary duty by acts and omissions, including the following:

   a. Stealing funds on more than one occasion;
   b. Concealing fraudulently stolen funds;
   c. Fraudulently misrepresenting the actual amount of funds in the possession of Plaintiff; and
   d. Failing to secure, appropriate, account for, transport, and deliver Plaintiff's funds to Plaintiff.

37. Defendants aforementioned breach of duty directly and proximately caused damages to Plaintiff, including injury to Plaintiff's business or property, including but not limited to loss of its funds directly in a sum not less than Seven Hundred Fifty Eight Thousand Dollars ($758,000.00), incidentally, and consequentially, legal fees incurred, travel expenses, and loan interest rates.

WHEREFORE, Plaintiff respectfully requests that this Court grant Judgment in its favor and against Defendants, for an evidentiary accounting, for compensatory damages, punitive damages, attorney's fees, costs, for such relief this Court deems just and proper.

### COUNT VII – NEGLIGENCE

38. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 – 37 as if fully restated herein.

39. Defendants had a duty to, *inter alia*, use reasonable care to properly handle, secure, appropriate, account for, transport, and deliver Plaintiff's funds to Plaintiff.

40. Defendants breached said duty by acts and omissions, including the following:

   a. Stealing funds on more than one occasion;

   b. Concealing fraudulently stolen funds;

   c. Fraudulently misrepresenting the actual amount of funds in the possession of Plaintiff; and

   d. Failing to secure, appropriate, account for, transport, and deliver Plaintiff's funds to Plaintiff.

41. Defendants aforementioned breach of duty directly and proximately caused damages to Plaintiff, including injury to Plaintiff's business or property, including but not limited to loss of its funds directly in a sum not less than Seven Hundred Fifty Eight Thousand

Dollars ($758,000.00), incidentally, and consequentially, legal fees incurred, travel expenses, and loan interest rates.

## COUNT VIII – FRAUD

42. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 – 41 as if fully restated herein.

43. Defendants combined and/or individually engaged in acts of trickery and deceit regarding the following:

   a. Stealing funds on more than one occasion;

   b. Concealing fraudulently stolen funds;

   c. Fraudulently misrepresenting the actual amount of funds in the possession of Plaintiff; and

   d. Failing to secure, appropriate, account for, transport, and deliver Plaintiff's funds to Plaintiff.

44. Defendants aforementioned breach of duty directly and proximately caused damages to Plaintiff, including injury to Plaintiff's business or property, including but not limited to loss of its funds directly in a sum not less than Seven Hundred Fifty Eight Thousand Dollars ($758,000.00), incidentally, and consequentially, legal fees incurred, travel expenses, and loan interest rates.

WHEREFORE, Plaintiff respectfully requests that this Court grant Judgment in its favor and against Defendants, for compensatory damages, punitive damages, costs, for such relief this Court deems just and proper.

        /s/Peter J. Dunne
_____
Peter J. Dunne   #31482 MO
Robert T. Plunkert #62064MO
PITZER SNODGRASS, P.C.
Attorney for Plaintiff Western Oil, Inc.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
dunne@pspclaw.com
plunkert@pspclaw.com