UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WESTERN OIL, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:14CV00892 ERW |
| GARDA CL SOUTHWEST, INC., *et al.,* | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Garda CL Southwest, Inc.'s ("Garda") Motion to Dismiss and to Compel Arbitration" [ECF No. 5].

**I.    BACKGROUND**

On May 9, 2014, Plaintiff Western Oil, Inc. ("Western Oil") filed a Complaint against Defendants Garda, John Doe 1, John Doe 2, and John Doe 3, pursuant to the Racketeer Influenced & Corrupt Organization Act, 18 U.S.C. § 1961, *et seq.*, and under Missouri common law [ECF No. 1].  The Complaint alleges its cause of action arose from documented shortages of cash funds, belonging to Western Oil, from nine of Western Oil's ATMs that were serviced exclusively by Garda, and it asserts the following claims:  1)  Racketeer Influenced & Corrupt Organization Act, 18 U.S.C. § 1964; 2)  Civil Conspiracy; 3)  Conversion; 4)  Breach of Contract; 5)  Tortious Interference with a Business Expectancy; 6)  Breach of Fiduciary Duty; 7) Negligence; and 8)  Fraud.

Subsequently, Garda filed its Motion to Dismiss and to Compel Arbitration, contending

1

all of Western Oil's claims against it are subject to the mediation and arbitration provision contained in the parties' ATM Services Agreement ("Agreement") [ECF No. 5]. Western Oil filed its Response on July 28, and Garda filed its Reply on August 4, 2014 [ECF Nos. 10, 11]

## II. DISCUSSION

In its Motion to Dismiss and to Compel Arbitration, Garda claims Western Oil's claims are "clearly subject to the parties' bargained-for mandatory and exclusive mediation and arbitration provision contained in the parties' ATM Services Agreement." [ECF No. 5 at 1]. Garda asserts that the Agreement, including the mandatory mediation and arbitration provision, is governed by California law, which directs that the present action, in its entirety, is subject to mediation and arbitration. Garda moves the Court to compel mediation and arbitration as required by the Agreement, and to dismiss Garda from this action.

The parties' Agreement contains the following mediation and arbitration provision:

**SECTION XVII. Arbitration.**

Any controversy, claim or dispute arising out of or relating to this Agreement, the interpretation thereof, or the breach thereof, shall be submitted to mediation. If the parties cannot agree upon a mediator, th[e]n either party may request JAMS/Endispute to appoint a mediator. If the mediation is unsuccessful or if the parties agree in writing to forego mediation, the matter shall be submitted to binding arbitration in Los Angeles County, California, or as otherwise mutually agreed upon, by the decision of an arbitrator before and in accordance with the rules of the JAMS/Endispute, except as modified herein, and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. The arbitration shall apply the law of the State of California. Discovery shall be allowed and shall be governed by the discovery rules of the California Code of Civil Procedure for municipal court cases except that there shall be no depositions and a combined aggregate of a maximum of 35 of any combination of interrogatories, requests for production of documents and requests for admissions including all sub parts. The arbitrator shall have the authority to make appropriate appropriate discovery rulings and orders. The decision or award of the arbitrator shall be supported by written findings of fact and conclusions of law. The

2

> decision of the Arbitrator shall be final and binding. Either party may file an action solely for the purpose of receiving an order or injunction to maintain the status quo ante until an arbitration proceeding may be held. Should arbitration action or action by any attorney be taken or suit be brought to enforce the provisions of this Agreement, the prevailing party shall be entitled to attorneys' fees, the cost of suit and actual court and/or arbitration costs whether or not such suit shall proceed to trial or arbitration.

[ECF No. 5-1 at 6].

In its Response, Western Oil states, based on Garda's "conce[ssion] that conditions precedent are fulfilled for purposes of submission of this cause to mediation[,]" Western Oil "consents for this Court to enter its order to compel the parties to mediate the matter, and to order Defendant's Motion denied as moot in all other aspects" [ECF No. 10 at 1]. Western Oil contends that a stay, not dismissal, is the appropriate action at this stage of the proceeding. Western Oil argues the issue of arbitration is not ripe, in that the Agreement's arbitration provision requires evidence of an unsuccessful mediation, or a mutual agreement to forego mediation, prior to arbitration proceedings. Western Oil asks the Court to issue an Order compelling mediation; denying, as moot, the other relief requested by Garda; and staying the proceeding pending a status report regarding mediation efforts.

In its Reply, Garda continues to press for an order compelling mediation and arbitration, and dismissing this matter [ECF No. 11]. Garda contends Western Oil's stay request "is without merit and not supported by the case law, the equities herein, or the ATM Agreement."

The parties do not appear to dispute that the Agreement is enforceable, that its arbitration provision applies to this matter, or that mediation is appropriate under the terms of the Agreement. The parties primarily differ in the relief they request from this Court. Garda asks the the Court to fashion an Order compelling both mediation and arbitration, and dismissing the

action; whereas Western Oil, contending the arbitration issue is not ripe, requests a stay of the proceedings until the parties are able to report completion of mediation, and arbitration, if applicable.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S.248, 254 (1936). The decision to stay an action pending related proceedings is a matter committed to the trial court's discretion. *See id.* at 254-57; *Green v. SuperShuttle Int'l., Inc.*, 653 F.3d 766, 769-70 (8th Cir. 2011). Upon consideration, the Court finds the Agreement's mediation and arbitration clause does not compel dismissal of this action. In fact, the Agreement anticipates that judgment upon any arbitration award issued in this matter may be entered in any court having jurisdiction. Given the parties' apparent agreement that the mediation and arbitration clause applies and is enforceable, the Court finds a stay of all proceedings pending mediation and, if applicable, arbitration, is warranted in the interests of the parties and judicial efficiency. Western Oil's claims against Garda will be stayed pending resolution of the Agreement's mediation and arbitration process. Garda's Motion to Dismiss and to Compel Arbitration will be granted in part, and denied in part.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Garda CL Southwest, Inc.'s Motion to Dismiss and to Compel Arbitration" [ECF No. 5] is **GRANTED in part**, and **DENIED in part**. Defendant Garda CL Southwest, Inc.'s Motion to Dismiss is **DENIED.** Defendant Garda CL Southwest, Inc.'s Motion to Compel Arbitration is **GRANTED.** This matter is **STAYED** pending resolution of the mediation and arbitration process.

**IT IS FURTHER ORDERED** that the parties shall notify the Court of the outcome of the mediation and arbitration process within ten (10) days of its completion.

So Ordered this 13th day of August 2014.

                                                                             *E. Richard Webber*
                                                                             **E. RICHARD WEBBER**
                                                                             **SENIOR UNITED STATES DISTRICT JUDGE**